IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eileen Degenhart<br>Plaintiff<br><br>VS.<br><br>FirstSource Advantage LLC aka<br>Firstsource Solutions Limited<br>Account Solutions Group, LLC<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**The Plaintiff demands a trial by a jury of twelve and two alternates.**

## PRELIMINARY STATEMENT

1.	This action is brought pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, ("FDCPA" or the "Act") by Eileen Degenhart.  Plaintiff seeks damages against the Defendants for Defendants' debt collection activities that fail to comply with the Act.

## PARTIES

2.	Plaintiff Eileen Degenhart ("Plaintiff") resides at 1025 Grandview Circle, Pottstown, Chester County, Pennsylvania 19465.

3.	Defendant Firstsource Advantage, LLC aka Firstsource Solutions Limited is a New York limited liability corporation.  Defendant Account Solutions Group, LLC, a New York limited liability corporation, d/b/a ASG.  All of the Defendants operate from an address at 205 Bryant Woods South, Amherst, New York 14228,

4.	All of the Defendants are a debt collector as that term is defined by 15

U.S.C.§1692a(6).

5. The Defendant Debt Collectors are retained by creditors (collectively "Creditors") to collect unpaid debts from consumer debtors such as the Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

## SUBSTANTIVE ALLEGATIONS

8. On January 13, 2011, the Defendants, by and through their employee, agent, and/or servant "Sherman" called the Plaintiff at her home in for the purpose of collecting a debt that employee alleged was owed to American Express.

9. The January 13, 2011 call from Defendants' employee to the plaintiff was an initial contact in connection with the collection of a debt.

10. The alleged debt at issue arose out of transactions, which were primarily for personal, family or household purposes.

11. On January 14, 2011, the Plaintiff mailed correspondence ("Correspondence" appended hereto and incorporated herein as if set forth at length) dated January 13, 2011 to the attention of Sherman at the address of the Defendants. Ex A.

12. The Plaintiff's correspondence disputed the Defendants' claim that the Plaintiff owed a debt to American Express, stated all of the Plaintiff's debt to American Express had been paid in full, and in addition the Plaintiff requested various other information including but not limited to verification of that alleged debt.

13.     The correspondence was sent by Certified Mail No. 7009 2250 0000 2964 5173 on January 14, 2011.

14.     The correspondence was delivered to the Defendants at the Defendants' address at 11:43 am on January 18, 2011 in Buffalo, NY 14228.  Ex B.

15.     The Plaintiff received no written or verbal response to the requests set forth in her Correspondence.

16.     At no time after the Defendants' initial contact with the Plaintiff did the Plaintiff ever receive a written notice from the Defendants setting forth:

    A. The amount of the debt;

    B. The name of the creditor to whom the debt is owed;

    C. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    D. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    E. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. The Defendants continued their debt collection activities after the Plaintiff notified the Defendant that the debt was disputed.

18. Defendants' debt collection activities continued notwithstanding that debt collector Defendants failed to obtain verification of the debt and mail that information to the Plaintiff.

19. The Defendants' activities included the retention of counsel to file a debt collection lawsuit against the Plaintiff in the Court of Common Pleas of Chester County to collect the alleged debt owed to American Express.

20. The Plaintiff has incurred substantial costs in connection with the defense of the aforementioned lawsuit in the Court of Common Pleas of Chester County, Pennsylvania.

21. At all times pertinent hereto, Defendants were acting by and through their agent, servant and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

23. As a direct and proximate result of the Defendants' actions the Plaintiff suffered significant emotional distress and damage.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978

24. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. The claims for debts sent by the Defendants to the Plaintiff for collection comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

26. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

27. Defendants are a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

28. The Defendants have violated 15 U.S.C. § 1692g(a) because they failed to provide written notice to the Plaintiff within five days of the initial debt collection contact containing—

    A. The amount of the debt;

    B. The name of the creditor to whom the debt is owed;

    C. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    D. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   E. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. The Defendants have violated 15 U.S.C. § 1692g(b) because they failed to provide the verification requested by the Plaintiff and continued debt collection activities after notice of that the alleged debt was disputed.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(1);

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

.

Respectfully submitted:

RNL3966

By_____
RICHARD N. LIPOW, ESQUIRE
625  Swedesford Road
Malvern Pennsylvania 19355
(610) 251-2500

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I affirm that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____